UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>-against-<br><br>EDGAR VENTURA, UN LEE, YUN LEE-ITO, CELATECH CONSTRUCTION CORP., IEJK REALTY LLC, MJMV HOLDINGS LLC, FEDERICI BUILDERS CORP., CHRISTOPER V. PAPA ARCHITECT P.C., STRUCTURAL ENGINEERING TECHNOLOGIES P.C., A&T ENGINEERING P.C., SANO WRECKING LLC, and ELLIOT DEVELOPMENT CORP.,<br><br>        Defendant. | **<u>MEMORANDUM AND ORDER</u>**<br>Case No. 21-CV-2177 (FB) (JRC) |

*Appearances:*
*For the Plaintiff*:
MAUREEN E. O'CONNOR
L'Abbate, Balkan, Colavita & Contini, L.L.P.
3 Huntington Quadrangle, Suite 102-S
Garden City, NY 11530

*For Defendant IEJK Realty LLC:*
MICHELLE CALLNER
Redmond Law, PLLC
80 Broad Street, Suite 1202
New York, NY 10004

*For Defendants Un Lee and Yun Lee*:
MAGDALENE P. SKOUNTZOS
Brody, O'Connor & O'Connor
535 Eigth Avenue, Ste. Fl. 19
New York, NY 10018

*For Defendant Edgard Ventura:*
Marc E. Freund
Lipsig, Shapey, Manus & Moverman, P.C.
40 Fulton Street
New York, NY 10038

1

**BLOCK, Senior District Judge:**

Plaintiff American Empire Surplus Lines Insurance Company ("American Empire") brought this action for declaratory relief against Defendants Edgar Ventura ("Ventura"), Celatech Construction Corp., IEJK Realty LLC ("IEJK"), MJMV Holdings LLC, Federici Builders Corp., Christopher V. Papa Architect P.C., Structural Engineering Technologies P.C., A&T Engineering P.C., Sano Wrecking LLC ("Sano"), and Elliot Development Corp., as well as Defendant-Counterclaimants Un Lee and Yun Lee-Ito (the "Lee Defendants"). On April 25, 2023, this Court issued an Order granting Ventura and the Lee Defendants' motions for summary judgment and declaring that American Empire is obligated to defend and indemnify nonparty Disano Demolition Co., Inc. in the underlying state matter, captioned *Edgar Ventura v. Un Lee, Yun Lee-Ito, Disano Demolition Co., Inc., and Celatech Construction Corp.*, No. 715549/2017. Before the Court is American Empire's motion for reconsideration. For the reasons described below, American Empire's motion is denied and the Court's April 25, 2023 Order stands.

Rule 59(e) vests courts with the discretion to alter or amend judgments upon a timely motion by a party. "A court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir.

2020) (internal quotations omitted). This standard mirrors that for a motion for reconsideration under Local Civil Rule 6.3. *See Liu v. Chau*, No. 1:20-CV-006369, 2022 WL 2274721, at *1 (E.D.N.Y. June 23, 2022). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

American Empire asks the Court to address a clear error or prevent manifest injustice. On "a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (internal quotation omitted). This relief is appropriate only where "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal quotation omitted).

American Empire simply renews the arguments it made in its briefing at the summary judgment stage, quoting large portions of the April 25, 2023 order and explaining that they "evidence[] the fact that the court overlooked American Empire's arguments." Mot. for Reconsideration, 10. This is not a suitable use for a reconsideration motion. *See Shrader*, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue

already decided"). American Empire's arguments as to each relevant issue in the April 25 Order were addressed and rejected.

Specifically, American Empire renews its arguments concerning the proper notice and cancellation of its two insurance policies with Disano. It also repackages its argument in favor of giving collateral effect to the 2018 default judgment, but it cannot circumvent the fact that default judgments are not "actually litigated" for the purposes of collateral estoppel. *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008)); *see Gianatasio v. D'Agostino*, 862 F. Supp. 2d 343, 350 (S.D.N.Y. 2012) ("[a]n issue is not actually litigated if there has been a default) (internal quotation omitted).

Having failed to identify overlooked issues of law or fact that could have changed the outcome of this Court's April 25, 2023 Order, American Empire's motion for reconsideration is denied.

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

June 30, 2023
Brooklyn, New York

4